```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------X
UNITED STATES OF AMERICA              :
                                      :
     -against-                        :     No. 17 Cr. 530 (JFK)
                                      :
ANDREW MALDONADO,                     :     OPINION & ORDER
                                      :
                      Defendant.      :
--------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 03/24/2021

APPEARANCES

FOR DEFENDANT ANDREW MALDONADO:
    Pro Se

FOR THE UNITED STATES OF AMERICA:
    Alexandra N. Rothman
    U.S. ATTORNEY'S OFFICE FOR THE SOUTHERN DISTRICT OF NEW YORK

**JOHN F. KEENAN, United States District Judge:**

    Before the Court is a pro se motion by Defendant Andrew Maldonado seeking a sentence reduction and his immediate release due to the COVID-19 pandemic and because Maldonado's mother was recently diagnosed with breast cancer and he has undergone certain rehabilitative treatments. Maldonado brings the motion pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A), commonly known as the compassionate release statute. The Government opposes Maldonado's motion as substantively meritless because Maldonado's medical conditions, the circumstances of his incarceration, and the 18 U.S.C. § 3553(a) sentencing factors do not warrant a reduction in sentence. For the reasons set forth below, Maldonado's motion is DENIED.

**I. Background**

Unless otherwise noted, the following is taken from the materials the parties submitted, Maldonado's Presentence Investigation Report ("PSR"), dated December 19, 2017, (ECF No. 15) and the transcripts of Maldonado's September 26, 2017 plea (ECF No. 13) and January 9, 2018 sentencing ("Sent. Tr.", ECF No. 19). In ruling on Maldonado's request, the Court has considered the arguments advanced in his pro se motion (filed under seal) and the Government's letter in opposition (ECF No. 24). Maldonado did not file a reply.

On September 26, 2017, Maldonado pleaded guilty to two counts of Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951 and 2, and one count of distribution and possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). (PSR ¶¶ 1-6.) The charges stemmed from Maldonado's participation in two armed robberies of grocery stores located in the Bronx, New York, during which Maldonado brandished a firearm at the store employee and threatened them before stealing $150 and $500, respectively. (Id. ¶¶ 8-13.) When Maldonado was arrested in July 2017, law enforcement officers discovered that he also possessed twenty bags of heroin. (Id. ¶ 14.)

Maldonado's sentencing occurred on January 9, 2018, during which the Court found a Guideline offense level of 24 and a

Criminal History Category of III.  (Sent. Tr. at 11:2-3.) Although the Court initially found a Guidelines range of 63-78 months, the Court nevertheless accepted the parties' stipulated Guidelines range of 57-71 months as set forth in Maldonado's plea agreement.  (Id. at 2:14-23.)  The Court noted that the two robberies Maldonado perpetrated "[we]re serious affairs" during which he entered the stores with a gun and "scare[d] the life" out of the storekeepers.  (Id. at 9:7-11.)  The Court further explained that it had seriously considered the sentencing factors set forth in 18 U.S.C. § 3553(a), "[b]ut I think general deterrence and the need to protect society are paramount here." (Id. at 14:2-5.)  The Court sentenced Maldonado to 63 months' incarceration to be followed by a three-year term of supervised release.  (Id. at 11:5-22.)  To date, Maldonado has served approximately 45 months of his sentence.  He is scheduled for release on June 22, 2022. See Find an Inmate, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Mar. 19, 2021).

On January 15, 2021, the Court received a pro se motion from Maldonado requesting a reduction in sentence and his immediate compassionate release.  Maldonado's motion noted that his mother was diagnosed with breast cancer, he has successfully undergone psychological and psychiatric treatment by the Bureau of Prisons ("the BOP"), and the facility where he is

3

incarcerated has seen an "explosion" of the deadly disease caused by the coronavirus, COVID-19. The Court ordered the Government to respond and gave Maldonado 30 days from the date on which he was served with the Government's opposition to file a reply, if any. (ECF No. 21.) On February 1, 2021, the Government opposed Maldonado's request on the grounds that no extraordinary and compelling reasons support his release which, in any event, would be inappropriate under the sentencing factors set forth in 18 U.S.C. § 3553(a). (ECF No. 24.) The Government's opposition noted that, on January 19, 2021, Maldonado tested positive for COVID-19, however, Maldonado refused a second test on January 26, 2021, and he is no longer complaining of any COVID-19 signs or symptoms. (Id. at 4.) Maldonado did not file a reply.

**II.  Discussion**

**A.  Legal Standard**

18 U.S.C. § 3582(c)(1)(A) allows a court to modify a term of imprisonment "upon motion of the defendant" provided the defendant has exhausted certain administrative requirements. 18 U.S.C. § 3582(c)(1)(A). Under these circumstances, a court may reduce the defendant's sentence if it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Id. § 3582(c)(1)(A)(i). In doing

4

so, the Court must also consider "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." Id. § 3582(c)(1)(A). "Application of the § 3553(a) factors requires an assessment of whether the relevant factors 'outweigh the "extraordinary and compelling reasons" warranting compassionate release . . . [and] whether compassionate release would undermine the goals of the original sentence.'" United States v. Daugerdas, --- F. Supp. 3d ---, No. 09 Cr. 581 (WHP), 2020 WL 2097653, at *4 (S.D.N.Y. May 1, 2020) (alterations in original) (quoting United States v. Ebbers, 432 F. Supp. 3d 421, 430–31 (S.D.N.Y. 2020)).

In the Second Circuit, the policy statement issued by the U.S. Sentencing Commission pertaining to compassionate release, section 1B1.13 of the Sentencing Guidelines, "is not 'applicable' to compassionate release motions brought by defendants," and "cannot constrain district courts' discretion to consider whether any reasons are extraordinary and compelling." United States v. Brooker, 976 F.3d 228, 236 (2d Cir. 2020). Accordingly, as the court in United States v. Harris, No. 15 Cr. 445 (PAE), 2020 WL 5801051 (S.D.N.Y. Sept. 29, 2020), explained:

> when assessing a motion brought directly by an imprisoned person rather than by the BOP, the Court is constrained neither by [§] 1B1.13's enumeration of extraordinary and compelling reasons, nor by its freestanding requirement that the defendant seeking

5

> release not pose any danger to the community. Rather, the Court may "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [it] in motions for compassionate release." However, even if such reasons are present, the Court must also assure itself that release is consistent with "the factors set forth in section 3553(a) to the extent that they are applicable."

Id. at *2 (footnote and internal citations omitted).

"[P]ro se litigants generally are entitled to a liberal construction of their pleadings, which should be read 'to raise the strongest arguments that they suggest.'" Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001) (quoting Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996)).

### B. Analysis

The Court is sympathetic to the heightened risk certain individuals face from COVID-19, and it has, on very limited occasions, modified an incarcerated defendant's sentence for such reasons. See United States v. Smith, 454 F. Supp. 3d 310, 315 (S.D.N.Y. 2020) (granting release to medically "high risk" and non-violent 62-year-old who suffered from asthma, high cholesterol, blood clots, a thyroid condition, and suspected multiple myeloma); but see United States v. Seshan, No. 14 Cr. 620 (JFK), 2020 WL 2215458, at *4 (S.D.N.Y. May 6, 2020) (denying release to 47-year-old despite his "end-stage renal failure and hypertension" and the threat of COVID-19 because, inter alia, the defendant had a history of violence and granting

6

the motion would disserve important § 3553(a) sentencing factors). Nevertheless, after considering the 3553(a) factors in this case, the Court is not persuaded that extraordinary and compelling reasons exist to reduce Maldonado's sentence. Accordingly, Maldonado's motion must be denied. See 18 U.S.C. § 3582(c) (stating a court "may not modify a term of imprisonment once it has been imposed" without a finding that "extraordinary and compelling reasons warrant such a reduction").

First, Maldonado has failed to articulate any extraordinary or compelling reason why his sentence should be modified. Here, neither Maldonado's mother's cancer diagnosis nor his completion of certain psychological and psychiatric treatment constitute a sufficiently extraordinary and compelling reason for a reduction in sentence. Likewise, neither does the COVID-19 pandemic where Maldonado is 26 years old—significantly younger than the Centers for Disease Control and Prevention's ("the CDC") former high-risk cutoff age of 65—and he does not suffer from a serious health condition looked to by courts in this context, such as cancer or immunocompromization. See People at Increased Risk, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/index.html (last visited Mar. 19, 2021) see also, e.g., United States v. Skelos, No. 15 Cr. 317 (KMW), 2020 WL 2508739, at *2 (S.D.N.Y. May 15, 2020) ("Defendant has not

7

demonstrated the existence of extraordinary and compelling circumstances in his case. Defendant is 37 years old, and thus faces a relatively low risk of hospitalization or death from COVID-19.") (collecting sources). Further, having now contracted the virus, the fundamental and overriding purpose of Maldonado's request for immediate release—i.e., the desire to remove him from an environment where he may be exposed to the virus—is significantly less compelling. See, e.g., United States v. Rodriguez-Francisco, No. 13 Cr. 233 (VB), 2021 WL 326974, at *2 (S.D.N.Y. Feb. 1, 2021) (explaining that "a sentence reduction based on the risk of contracting [COVID-19] again makes no sense" where the defendant tested positive for the virus in December 2020 and, although he claimed "to have lingering effects," "his risk of reinfection is extremely low" "because he has already had (and fortunately recovered from) the disease") (citing the CDC's website). "The current COVID-19 pandemic is an unprecedented worldwide catastrophe. But it does not warrant the early release of sentenced inmates in federal prisons convicted of serious, dangerous offenses, like [the defendant], whose medical conditions and risk of contracting the virus cannot be deemed 'extraordinary and compelling.'" United States v. Mood, No. 19 Cr. 113 (VB), 2020 WL 3256333, at *1 (S.D.N.Y. June 16, 2020) (denying release to 53-year-old with diabetes, hypertension, and obesity where "[t]here is no

question that [the defendant] has health issues, but his condition is stable and has been effectively managed by routine monitoring and medication").

Second, and decisive here, even if the justifications proffered by Maldonado could provide extraordinary and compelling reasons for a sentence reduction, application of the 3553(a) factors cripples his request and outweighs any justification for early release.  Here, the factors that weigh in Maldonado's favor, such as the need to provide necessary medical care, are overshadowed by the combined force of "the nature and circumstances of the offense" and the need for the sentence imposed to "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," "afford adequate deterrence to criminal conduct," and "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a).  Indeed, as the Court observed at Maldonado's sentencing, "general deterrence and the need to protect society are paramount here."  (Sent Tr. at 14:4–5.)  For the same reasons that necessitated Maldonado's 63-month term of incarceration, which were discussed at his sentencing and are incorporated by reference here, the Court finds that modifying Maldonado's sentence would disserve the above important sentencing factors.  Accordingly, Maldonado's motion is denied. Cf. Mood, 2020 WL 3256333, at *2; United States v. Kerrigan, No.

9

16 Cr. 576 (JFK), 2021 WL 793880, at *4 (S.D.N.Y. Mar. 2, 2021) (denying release to 44-year-old with obesity and liver disease).

### III. Conclusion

For the reasons set forth above, Defendant Andrew Maldonado's motion for a reduction in sentence is DENIED.

**SO ORDERED.**

Dated:  New York, New York
        March 24, 2021

_____
John F. Keenan
United States District Judge